# Exhibit 5

H.R. REP. 103-344, H.R. Rep. No. 344, 103RD Cong., 1ST Sess. 1993, 1993 WL 465097, 1993 U.S.C.C.A.N. 1984 (Leg.Hist.)
**\*1984** P.L. 103-159, BRADY HANDGUN VIOLENCE PREVENTION ACT

DATES OF CONSIDERATION AND PASSAGE

House: November 19, 22, 1993
Senate: November 19, 20, 24, 1993
Cong. Record Vol. 139 (1993)
House Report (Judiciary Committee) No. 103-344,
Nov. 10, 1993 (To accompany H.R. 1025)
House Conference Report No. 103-412,
November 22, 1993 (To accompany H.R. 1025)

HOUSE REPORT NO. 103−344

November 10, 1993
[To accompany H.R. 1025]

The Committee on the Judiciary, to whom was referred the bill (H. R. 1025) to provide for a waiting period before the purchase of a handgun, and for the establishment of a national instant criminal background check system to be contacted by firearms dealers before the transfer of any firearm, having considered the same, report favorably thereon with an amendment and recommend that the bill as amended do pass.

**\*0** The amendment is as follows:

Strike out all after the enacting clause and insert in lieu thereof the following:

SECTION 1. SHORT TITLE.

This Act may be cited as the "Brady Handgun Violence Prevention Act".

SEC. 2. FEDERAL FIREARMS LICENSEE REQUIRED TO CONDUCT CRIMINAL BACKGROUND CHECK BEFORE TRANSFER OF FIREARM TO NONLICENSEE.

(a) Interim Provision.–

criminal background checked by a State or local government, received from his or her State of residence a permit that allows him or her to possess a firearm;

(2) The Secretary of the Treasury has approved the transfer under section 5812 of the Internal Revenue Code of 1986; or

(3) The Secretary of the Treasury has certified that compliance with the background check provisions is impracticable because the ratio of the number of law enforcement officers of the state in which the transfer is to occur to the number of square miles of land area of the state does not exceed 0.0025, the business premises of the transferor at which the transfer is to occur are extremely remote in relation to the chief law enforcement officer, and there is an absence of telecommunications facilities in the geographical area in which the business premises are located.

The new subsection would require a transferor to include in the record of the transfer the unique identification number provided by the system with respect to the transfer. It would also provide that a firearms licensee who transfers a firearm and knowingly fails to comply with the requirements of the subsection, in a case where compliance would have revealed that the transfer was unlawful, may, after notice and opportunity for a hearing, in addition to any other penalties provided by law, be fined not more than $5,000. The Secretary is also authorized to suspend the license of such a licensee for up to 6 months.

New subsection (t) also provides that neither a local government nor any governmental employee responsible for providing information to the national instant criminal background check system shall be liable in an action at law for damages either for wrongfully permitting a firearm transfer that is unlawful or for wrongfully preventing a firearm transfer that would have been lawful.

This Section also provides that whoever violates either the interim provision or the permanent provision shall be imprisoned for not more that one year, fined not more than $1,000, or both.

SECTION 3

Section 3 directs the Attorney General to establish a national instant criminal background check system that any firearm licensee may contact for information on whether receipt of a firearm by a prospective transferee would violate subsection (g) or (n) of title 18 or any State or local law. This Section further provides that the Attorney General shall expedite the upgrading and indexing of State criminal history records, the development of hardware and software systems to link State criminal history records systems into the national system, and current FBI initiatives relating to technologically **1996** advanced fingerprint and criminal record identification systems.