IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FELICIA SANDERS, individually and as Legal Custodian of K.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>This document pertains to all cases | Civil Action No. 2:16-cv-2356-RMG<br><br>*consolidated with* 2:16-cv-2350; 2:16-cv-2351; 2:16-cv-2352; 2:16-cv-2354; 2:16-cv-2355; 2:16-cv-2357; 2:16-cv-2358; 2:16-cv-2359; 2:16-cv-2360; 2:16-cv-2405; 2:16-cv-2406; 2:16-cv-2407; 2:16-cv-2409; and 2:16-cv-2746 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO DISMISS

Subject to Plaintiffs' Motion to Consolidate and Plaintiffs' Motion for an extension to reply to Defendant's Motion to Dismiss, Plaintiffs submit the following in response to Defendant's motion to dismiss. Plaintiffs would point out that Defendant contends, first, that Plaintiffs Amended Complaint fails to allege facts upon which subject matter jurisdiction can be based because under state substantive law the Government did not owe Plaintiffs a legal duty of care. Second, Defendant contends that there is no private party analogue to the conduct challenged here. (Docket Number 89-1, p. 12). Plaintiffs respectfully submit that the facts alleged in the Amended Complaint, taken as true as required, *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009), do allege tortious breach of a governmental duty under state law that is similar or analogous to a duty imposed upon a private party under state law as is necessary to defeat the motion to dismiss.

1

*Rayonier, Inc. v. United States*, 352 U.S. 315, 318, 77 S.CT. 374, 376, 1 L. Ed. 2d 354 (1957).[1]

As set forth in *Rayonier*, s*upra*

"…the very purpose of the Tort Claims Act was to waive the Government's traditional all-encompassing immunity from tort actions and to establish novel and unprecedented governmental liability."

Further, 28 U.S.C. § 1346 gives District Courts jurisdiction for a negligent or wrongful act or omission of an employee causing loss

"where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The Amended Complaint alleges that Defendant's negligent conduct created a risk of injury and death to Plaintiffs when a government employee, the background check examiner, took no action during a background check to contact the Columbia PD to obtain an incident report which indisputably would have prevented Dylann Roof from being allowed to purchase a semi-automatic Glock pistol used to injure and kill Plaintiffs. Plaintiffs allege the failure of Defendant occurred after being told that Columbia PD had the report, and despite the fact that FBI policy, including SOP 5.5.5, mandated that the Examiner contact the arresting agency (Columbia PD).

The Amended Complaint further alleges that when the Examiner was told that Columbia PD was the arresting agency in possession of the incident report she had resources readily available to find and contact the Columbia PD, but failed to use these available resources to comply with the SOP's direction to contact the arresting agency.

---

[1] Plaintiffs also incorporate by reference in this memorandum all of Dkt. Nos. 15, 44, and 62 in response to Defendant's Motion to Dismiss.

Defendant's memorandum, particularly Dkt. No. 89-1, p. 11, however, mischaracterizes the factual allegations of Plaintiffs' Amended Complaint. Defendant states "The Examiner mistakenly assumed that the Sheriff's Office was referring her to another law enforcement agency within Lexington County," facts not alleged in Plaintiffs' Amended Complaint. Also not alleged as a fact is that the Examiner consulted with the NICS Section Contact Sheet which included the West Columbia Police Department (WCPD). Plaintiffs do allege that WCPD told the Examiner "not a WCPD Arrest" but, as alleged, this was after the Examiner had already been told Columbia PD, not West Columbia, had the incident report. Most important Defendant states that after receiving the reply from the WCPD the Examiner turned her attention to other delayed transactions while awaiting a response[2] from the Solicitor's Office, implying that the Examiner was still working on the case. Actually, Plaintiffs' Amended Complaint alleges the Examiner "took no action to prevent Roof from being allowed to purchase a semi-automatic Glock pistol" after receiving the WCPD reply (paragraph 30), even though SOPs mandated the Examiner to contact Columbia PD. (paragraph 37).

Based upon the facts as alleged Plaintiffs submit that the Amended Complaint's allegations are sufficiently plausible to state a claim under South Carolina law which recognizes a duty to protect others from harm by third persons where they negligently create a reasonably foreseeable risk of harm from a third party. *Greenville Mem'l Auditorium v. Martin*, 301 S.C. 242, 391 S.E.2d 546, 548 (S.C. 1990); *Childers v. Gas Line, Inc.*, 248 S.C. 316, 149 S.E.2d. 761, 765 (S.C. 1966). Here the Government Examiner's negligent failure to contact the Columbia PD to obtain the

---

[2] Before this court Defendant represented that the Examiner was waiting on the Solicitor's office to send her a copy of an indictment. Before the Fourth Circuit Defendant claimed the Examiner was waiting on the Solicitor to send her a copy of the incident report even though it had not been requested.

prohibiting incident report resulted in Roof being allowed to purchase the semi-automatic Glock, thereby creating a reasonably foreseeable risk of harm to Plaintiffs. (See Dkt. No. 62, particularly pp. 17-22 – Testimony of Morris). Thus, under South Carolina law a private party would be liable to Plaintiffs for negligent creation of a risk of harm and Defendant is likewise subject to liability.[3]

In addition, under South Carolina law, violation of Defendant's rules, as alleged here, may constitute breach of a duty of care and the proximate cause of the injury regardless of the intent of the rules. *Madison ex rel. Bryant v. Babcock Ctr, Inc.*, 371 S.C. 123, 638 S.E.2d 650, 659 (S.C. 2006). Common law and negligence *per se* claims are also properly and sufficiently alleged (see Dkt. No. 62 for a more detailed analysis).

As to Defendant's contention that no private analogue exists so as to allow Plaintiffs' claims, Plaintiffs would first note that Defendant recognizes that the test to be applied is whether a private person would be responsible for "similar negligence." (Dkt. No. 89-1, p. 14-15). In this connection Plaintiffs submit that a gun dealer, such as Shooter's Choice, is one such private analogue. Such a gun dealer can prevent a person from obtaining a gun and in fact does so when receiving a "Denied" response from NICS. Likewise, if a gun dealer's computer received a "Denied" response but the gun dealer does not search its records to find this response and makes the sale, the gun dealer would be liable under South Carolina law to an injured third party for its negligent creation of the risk of harm which actually resulted in injury by allowing the sale of the prohibited gun.

---

[3] Plaintiffs also contend that Defendant is liable on the basis that Defendant had a special relationship with Plaintiffs and voluntarily undertook to perform the background check and did so in a negligent manner, as well as the Amended Complaint plausibly stating a claim for negligent failure to adhere to the Code of Federal Regulations requirements. Plaintiffs specifically reserve and preserve the right to pursue these claims, notwithstanding the recent opinion of the United States Court of Appeals for the Fourth Circuit in *Sanders v. United States*, 937 F.3d 316 (4th Cir. 2019).

4

In contending no private analogue exists, Defendant also overlooked private companies that perform 1) background checks for healthcare organizations for employment suitability and credentials; 2) background checks for schools and childcare; 3) background checks for caregivers of disabled and seniors; 4) background checks for nursing home facilities; 5) background checks for landlord and real estate agents for tenant suitability; and 6) background checks for private sector financial transactions.  Any of these background checks, if negligently performed, could result in serious danger and risk of harm and/or loss to those for whom the checks are performed and/or injured parties.  And all of these background checks subject the private parties performing the checks to liability if the negligent check creates a risk of harm and/or if a negligent check voluntarily undertaken results in harm.

Accordingly, Plaintiffs submit that private analogues do exist which render Defendant potentially liable herein, where a private party would also face potential liability.

For the foregoing reasons as well as any which may be advanced upon any hearing of this matter, Plaintiffs respectfully submit that the motion to dismiss should be denied.[4]

                                               s/Gedney M. Howe, III

SEN. GERALD MALLOY
Malloy Law Firm
PO Box 1200
Hartsville, SC  29551
Phone:  843-339-3000
Fax:  843-332-4646
gmalloy@bellsouth.net

---

[4] Plaintiffs have previously filed a motion for extension of time to submit the memorandum in opposition to the motion to dismiss but the court has not ruled on this motion.  Since Plaintiffs' response is due today, Plaintiffs are filing this memorandum.  Plaintiffs reserve the right to file an additional, amended or supplemental memorandum and specifically agree that the response of Defendant to Plaintiffs' opposition should be extended until after such additional, amended or supplemental response is filed which Plaintiffs will attempt to do in the next 14 days.

S. RANDALL HOOD
McGowan, Hood & Felder, LLC
1539 Health Care Drive
Rock Hill, SC  29732
Phone:  803-327-7828
rhood@mcgowanhood.com

GEDNEY M. HOWE, III
Law Offices of Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone:  843-722-8048
ghowe@gedneyhowe.com

Attorneys for:
Jennifer Pinckney, Personal Representative of the Estate of Clementa Pinckney

Jennifer Pinckney

Jennifer Pinckney, individually and as Parent, Natural Guardian and Next Friend of M.P., a minor

GEDNEY M. HOWE, III
Law Offices of Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone:  843-722-8048
Fax:  843-722-2140
ghowe@gedneyhowe.com

ANDREW J. SAVAGE, III
Savage Law Firm
15 Prioleau Street
Charleston, SC  29401
Phone:  843-720-7470
Fax:  843-720-7478
Andy@savlaw.com

Attorneys for:
Tyrone Sanders, Personal Representative of the Estate of Tywanza Sanders

Felicia Sanders

Felicia Sanders, individually and as Legal Custodian

of K.M., a minor

Polly Sheppard

Walter B. Jackson, Personal Representative of the Estate of Susie Jackson

Laura Moore, Personal Representative of the Estate of Ethel Lance

Bethany Middleton-Brown, Personal Representative of the Estate of DePayne Middleton-Doctor

GEDNEY M. HOWE, III
Law Offices of Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone: 843-722-8048
Fax:  843-722-2140
ghowe@gedneyhowe.com

ANDREW J. SAVAGE
Savage Law Firm
15 Prioleau Street
Charleston, SC  29401
Phone:  843-720-7470
Fax:  843-720-7478
Andy@savlaw.com

W. MULLINS McLEOD, JR.
McLeod Law Group, LLC
3 Morris Street, Ste. A
Charleston, SC  29403
Phone:  843-277-6655
Mullins@mcleod-lawgroup.com

J. STEPHEN SCHMUTZ
Schmutz & Schmutz Attorneys at Law
24 Broad Street
Charleston, SC  29401
Phone:  843-577-5530
Steve@schmutzlaw.com

Attorneys for:
Anthony Thompson and Kevin Singleton, as Co-

Personal Representatives of the Estate of Myra Singleton Quarles Thompson

W. MULLINS McLEOD, JR.
McLeod Law Group, LLC
3 Morris Street, Ste. A
Charleston, SC  29403
Phone:  843-277-6655
Mullins@mcleod-lawgroup.com

J. STEPHEN SCHMUTZ
Schmutz & Schmutz Attorneys at Law
24 Broad Street
Charleston, SC  29401
Phone:  843-577-5530
Steve@schmutzlaw.com

DAVID F. AYLOR
David Aylor Law Offices
24 Broad Street
Charleston, SC  29401
Phone:  843-310-4900
David@davidaylor.com

Attorneys for:
Shalisa Coleman, as Personal Representative of the Estate of Sharonda Coleman-Singleton

Anthony Thompson

Arthur Stephen Hurd, as Personal Representative of the Estate of Cynthia Graham Hurd

Arthur Stephen Hurd

December 27, 2019