IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FELICIA SANDERS, individually and as Legal Custodian of K.M., a minor, | ) ) Civil Action No. 2:16-cv-2356-RMG |
| Plaintiff, | ) ) *consolidated with* 2:16-cv-2350; 2:16-cv- |
| v. | ) 2351; 2:16-cv-2352; 2:16-cv-2354; 2:16-cv- ) 2355; 2:16-cv-2357; 2:16-cv-2358; 2:16-cv- ) 2359; 2:16-cv-2360; 2:16-cv-2405; 2:16-cv- |
| THE UNITED STATES OF AMERICA, | ) 2406; 2:16-cv-2407; 2:16-cv-2409; and ) 2:16-cv-2746 |
| Defendant. | ) ) |
| This document pertains to all cases | ) ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
FOR DISQUALIFICATION AND TRANSFER**

Plaintiffs submit that recusal from *all* of these consolidated cases is required by 28 U.S.C. § 455. Specifically, Plaintiffs first rely upon language of § 455(b)(5)(ii) & (iii), which provides that a judge of the United States "shall" recuse himself if his son is "acting as a lawyer in the proceeding" or if his son is known by the judge "to have an interest that could be substantially affected by the outcome of the proceeding." Plaintiffs also rely upon the language of § 455(a), which provides the judge "shall disqualify himself in any proceeding in which his impartiality *might* reasonably be questioned." (emphasis added). Finally, because Judge Gergel has, *sua sponte*, recused himself in one of the consolidated cases, he is automatically disqualified in all of them. *See, e.g.*, *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 124 S. Ct. 1391 (2004) (Scalia, J.) ("Since the cases have been consolidated . . . ***recusal in one would entail recusal in the other***" (emphasis added)).

## BACKGROUND

These consolidated actions under the Federal Tort Claims Act (FTCA) all arise out of a single transaction—the Government's failure to follow FBI Standard Operating Procedures (SOPs) during a firearm background check of Dylann Roof. This failure resulted in Roof being able to purchase the semi-automatic Glock pistol he used to murder nine parishioners at the Mother Emmanuel Church, despite the indisputable fact that Roof was disqualified from purchasing a firearm. All sixteen of the Plaintiffs' cases, brought in 2016, were consolidated by this Court, which thereafter granted the Government's motion to dismiss on the basis of the discretionary function exception to the FTCA and the immunity provision of the Brady Act, 18 U.S.C. § 922(t)(6). The cases were also consolidated on appeal, which resulted in a reversal and remand of the consolidated cases by the U.S. Court of Appeals for the Fourth Circuit. The Fourth Circuit issued its mandate, and jurisdiction over the consolidated cases was returned to the District Court, on November 6, 2019.

Since the return of jurisdiction to this Court, the following events have occurred:

- November 7, 2019: The Court issued a scheduling order "relat[ing] to all consolidated cases" (Docket No. 81)

- November 25, 2019:

  o Plaintiff Felicia Sanders filed an amended complaint in *Sanders v. United States*, No. 2:16-cv-02356, the lead case for the consolidated proceeding (Docket No. 84)

  o All Plaintiffs and the United States jointly moved for consolidation of all 16 cases, also filing only in the *Sanders* case (Docket No. 85)

- November 26, 2019: The Court granted the parties' joint motion and entered an order providing that the amended complaint in *Sanders* would be the master complaint in the consolidated proceeding, which included all 16 cases originally filed (Docket No. 86)

- December 5, 2019: the Court entered the following text order:

  By order dated February 9, 2017, this Court consolidated a number of pending wrongful death and personal injury cases under C.A. No. 2:16-2356. The Court now removes *Simmons v. United States*, C.A. No. 2:16-2378, from the other cases which have been consolidated under C.A. No. 2:16-2356. AND IT IS SO ORDERED. Entered at the Direction of Honorable Richard M Gergel on 12/5/2019. Associated Cases: 2:16-cv-02356-RMG et al.

  (Docket No. 88)

- Also on December 5, 2019, a Notice of Electronic Filing was issued in the *Simmons* case stating: "Case Reassigned to Judge Honorable David C Norton. Judge Honorable Richard M Gergel no longer assigned to the case." (Docket No. 37)

- December 19, 2019: Plaintiffs filed a motion for an order consolidating all cases with the *Simmons* case. (Docket No. 94)

- December 30, 2019: Judge Gergel denied the motion to consolidate and transfer. (Docket No. 97)

The December 5 Text Order removing the *Simmons* case from the consolidated proceeding set forth no reason why the Court issued this order. Plaintiffs believe, however, that the only basis for such an order is the fact that Judge Gergel's son became employed in the law firm[1] representing the Plaintiff in *Simmons* during the pendency of the appeal. Thus, the circumstances suggest that Judge Gergel recognized that 28 U.S.C. § 455 required his recusal from *Simmons*. *See* 28 U.S.C. § 455(a) (requiring a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned"), (b)(5)(ii), (iii) (requiring disqualification if "a person within the third degree of relationship … [i]s acting as a lawyer in the proceeding" or "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding").

---

[1] The law firm consists of 13 lawyers and Judge Gergel's son will receive part of the firm's revenue from a successful outcome in the *Simmons* case. *See* Affidavit of Carl E. Pierce, attached hereto as **Exhibit A**.

Nevertheless, Judge Gergel denied Plaintiffs' motion for consolidation with *Simmons* and remains the sitting judge for all of the Mother Emmanuel victims' cases except for one (*Simmons*).

The result of the severance and transfer of *Simmons* and Judge Gergel's denial of the motion to consolidate/transfer is that there are now pending, before two different district judges, separate but identical actions supported by the master amended complaint. Moreover, the Government has filed a motion to dismiss, also identical and also pending before two district judges.

## ARGUMENT

**I.     Judge Gergel correctly recognized that 28 U.S.C. § 455 requires him to disqualify himself from the *Simmons* case**

To the best of Plaintiffs' knowledge, and in the absence of an explanatory order by the Court, Judge Gergel's decision to sever the *Simmons* case from this consolidated proceeding was based on the fact that his son is now employed by the law firm representing the *Simmons* plaintiff. Recusal on these grounds is fully supported by the text and spirit of 28 U.S.C. § 455(a) and § 455(b)(5).

Courts and treatises considering § 455 have enunciated several relevant principles:

> Section 455(a) requires disqualification even if the judge does not have actual personal bias or prejudice. *See* 13D Wright and Miller *Jurisdiction* § 3549.

> Under § 455(a), even close cases must be resolved in favor of disqualification. *See In re Boston's Children First,* 244 F.3d 164, 167 (1st Cir. 2001); *United States v. Evans*, 262 F. Supp. 2d 1292, 1294 (D. Utah 2003). This is even more a factor for consideration where, as here, the judge, not the jury, makes factual determinations and the Court of Appeals must accept these factual determinations if at all supported. *See Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 129 (2d Cir. 2003); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1412 (5th Cir. 1994).

4

> In applying § 455, "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

> If a judge fails to recuse himself when the statute required recusal, even a final judgment can be reopened. *See id.* at 863-64.

> The standard to determine impartiality is an objective test requiring a judge to disqualify himself whenever his impartiality might reasonably be questioned. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial. Disqualification is required "if a person with knowledge of the relevant facts might reasonably question [the judge's] impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

> Disqualification under § 455(b) is mandatory and non-waivable. 28 U.S.C. § 455(e).

The close bond between a parent and child is a circumstance that cannot be disregarded but, rather, must be considered in the determination of whether impartiality "might reasonably be questioned." Judge Gergel has already determined that he must recuse himself from *Simmons*. It is clear that the Court viewed the circumstances as requiring recusal as he undertook to do so on his own. This is entirely proper, as enunciated by the court in *Chase Manhattan Bank,* 343 F.3d at 130:

> In this regard, it is important to understand that judges have an obligation to exercise reasonable effort in avoiding cases in which they are disqualified. Section 455 is not a provision that requires judicial action only after a party to the litigation requests it. The relevant provisions are directive and require some reasonable investigation and action on the judge's own initiative. Indeed, a § 455(b)(4) conflict is nonwaivable by the party's expressed consent, much less by their silence.

Moreover, as set forth in *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800, 801 (5th Cir. 1986):

> The goal of the disqualification statute is to promote public confidence in the judicial system by avoiding even the appearance of impartiality.

\* \* \*

> [I]t makes no difference how much practical effect such action would have on the outcome of the litigation. The purpose of the disqualification statute is to avoid even the appearance of impropriety.; the appearance of impropriety is not lessened by the fact that the litigation would have come out the same anyway.

In the present case it is clear that Judge Gergel's son, as a member of the law firm representing the Plaintiff in the *Simmons* case, has an interest in a favorable outcome in that case. It can also not be doubted that that interest would be substantially affected by the outcome of the proceedings herein. Thus, as a practical matter, Judge Gergel's son still has a substantial interest in these proceedings, requiring recusal.

Another case in support of recusal is the Supreme Court opinion in *Liljeberg, supra.* The U.S. Supreme Court found that the trial judge should have recused himself because he was a trustee of the university which had a interest in the litigation. In so doing the Supreme Court held that the district judge violated the statute requiring a judge to disqualify himself by failing to disqualify himself in litigation involving the university and that the judge's failure to disqualify himself in that proceeding in violation of the statute required vacating the decision. In so doing, the U.S. Supreme Court stated:

> The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.

*Liljeberg*, 486 U.S. at 865. The court also went on to state:

> We must continuously bear in mind that to perform its high function in the best way justice must satisfy the appearance of justice.

*Id.* (internal quotation marks omitted). In its further consideration of § 455(a), the Court stated as follows:

> These facts create precisely the kind of appearance of impropriety that § 455(a) was intended to prevent. Although Judge Collins did not know of his fiduciary interest in the litigation, he certainly should have known. …

> Moreover, providing relief in cases such as this will not produce injustice in other cases; to the contrary, the Court of Appeals' willingness to enforce § 455 may prevent a substantive injustice in some future case by encouraging a judge or litigant to more carefully examine possible grounds for disqualification and to promptly disclose them when discovered.

*Id.* at 867-68.  The Supreme Court concluded its opinion by stating:

> The guiding consideration is that the administration of justice should reasonably appear to be disinterested as well as be so in fact.

*Id.* at 869-70 (internal quotation marks omitted).

In light of the foregoing, it is respectfully submitted that a reasonable person, being informed of the fact of Judge Gergel's son's firm involvement in the case and the fact that he has previously disqualified himself from his son's firm case (without a full disclosure on the record of his reason), will harbor doubts as to Judge Gergel's impartiality.  As such, it is respectfully submitted that recusal is required under § 455(a).

## II.    The consolidated cases are a single "proceeding" under § 455; disqualification in one requires disqualification in all

Plaintiffs submit that because the circumstances here required recusal in *Simmons*, and because *Simmons* was consolidated along with all of the other Plaintiffs' claims, Judge Gergel was required to disqualify himself from the entire proceeding.  The order removing *Simmons* from the other consolidations does not satisfy the statutory language requiring disqualification "in any proceeding."

The Federal Circuit addressed—and rejected—"partial" disqualification in *Shell Oil Co. v. United States*, 672 F.3d 1283 (Fed Cir. 2012). In that case, four plaintiffs—Shell Oil, Atlantic Richfield ("Arco"), Texaco, and Union Oil—sought indemnification from the United States for environmental cleanup costs. The Court of Federal Claims judge assigned to the case presided over several years of litigation culminating in summary judgment in the plaintiffs' favor as to liability

and a final judgment awarding each oil company significant damages, all totaling over $84,000,000. Subsequently, however, the judge informed the parties that his wife owned stock in Chevron Corporation, the parent of both Texaco and Union Oil. The judge also informed the parties that the appropriate resolution of the conflict "was to break Texaco [and Union Oil] out of [the] case," vacate the judgment as to those plaintiffs, and reassign their claims to a different judge. *Id.* at 1286 (internal quotation marks omitted). The government moved for relief from judgment and for recusal, arguing that "recusal was mandatory and unwaivable under 28 U.S.C. § 455(b)(4), and that the presiding judge was required to recuse himself from the entire proceeding." *Id.* The government claimed that the court order standing as to the claims of Shell and Arco would have an unfair precedent given the identity of issues between all of the plaintiffs.

The trial judge issued an order finding a conflict as to Texaco and Union Oil, but not as to Shell and Arco, *sua sponte* severed Texaco and Union Oil from the case and ordered the clerk to reassign their claims to a different judge. The judge then reissued the prior decision in favor of Shell and Arco.

The Federal Circuit held that the judge erred in severing Texaco and Union Oil and reinstating the verdicts in favor of Shell and Arco:

> The judge's decision to *sua sponte* sever Texaco and Union Oil did not satisfy the statutory requirement of disqualifying himself from the entire proceeding.

*Shell Oil*, 672 F.3d at 1291. The court explained:

> [T]here is no indication that Congress intended to create an exception whereby a judge can sever or "divest" certain parties from the case to resolve a conflict . . . This is particularly true, where, as here, there is substantial overlap with respect to the issues involved in the remaining parties' claims, and the matters had been considered jointly throughout the proceedings.

*Id.*

The Federal Circuit also agreed with the government that because the plaintiffs' contracts contained substantially similar language as to all four companies, any judgment could have preclusive or prejudicial affect in the severed cases. *See id.* at 1293. Finally, the court found the judge's failure to disqualify himself created a risk of undermining public confidence in the judicial process. *See id.*

*In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136 (6th Cir. 1990) (en banc), is even more closely on point because it involved seven separate cases that had been consolidated (rather than a single case with multiple plaintiffs, as in *Shell Oil*). Of the seven consolidated cases, four involved representation by a law firm which employed the judge's daughter. The judge disqualified himself from the four cases involving his daughter's firm but not from the other three. The motion for recusal pointed out that ***all*** of the cases presented ***identical*** legal and factual issues and argued that recusal in all cases was required by 28 U.S.C. § 455(b)(4), (5)(ii), and § 455(a). The Court of Appeals held that recusal in ***all*** cases was required:

> A decision on the merits of any important issue in any of the seven cases, moreover, could or might constitute the law of the case in all of them, or involve collateral estoppel, or might be highly persuasive as a precedent. Thus, even if the [daughter's] firm were not counsel of record . . . in all of the seven cases but only some of them, and was not of counsel in the three cases reassigned by Judge Hull to himself, we would find that he circumstances would indicate to a reasonable party . . . that his partiality might be implicated, and/or that § 455 would apply.

*Id.* at 1143. A concurring opinion explained further:

> However, the consolidation of the cases, even if only for pretrial purposes, necessarily involves the entanglement of certain aspects of the . . . matters with the cases in which [the daughter's] firm represented the FDIC.

*Id.* at 1146-47 (Kennedy, Circuit Judge, concurring separately).

Also supportive of Plaintiffs' position is *Illinois v. Borg, Inc.*, 564 F. Supp. 102 (N.D. Ill. 1983). In *Borg*, after an attorney was disqualified in a case, the plaintiffs moved to consolidate

that case with two others. In denying the motion to consolidate, the court noted that granting the motion would have the effect of "extending" the disqualification to all three cases. *See id.* at 104-05. To the same effect is the statement of Justice Scalia recognizing that consolidated cases are a single "proceeding" for purposes of § 455:

> Since the cases have been consolidated however, recusal in one would entail recusal in the other.

*Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 914 (2004).

## CONCLUSION

Plaintiffs submit that Judge Gergel's disqualification is mandatory and unwaivable. It is clear that under the circumstances here, a reasonable person would have a reasonable basis for questioning the court's impartiality. Moreover, the conflict cannot be resolved by severing only one case subject to the conflict. Rather, § 455 requires reassignment of the entire proceeding, *i.e.*, all of the consolidated cases.

For the foregoing reasons, as well as any which may be advanced during any subsequent hearing, it is respectfully submitted that the Plaintiffs' motion to disqualify and transfer should be granted.

Respectfully submitted,

s/Gedney M. Howe, III

SEN. GERALD MALLOY
Malloy Law Firm
PO Box 1200
Hartsville, SC  29551
Phone:  843-339-3000
Fax:  843-332-4646
gmalloy@bellsouth.net

S. RANDALL HOOD
McGowan, Hood & Felder, LLC
1539 Health Care Drive
Rock Hill, SC  29732
Phone:  803-327-7828
rhood@mcgowanhood.com

GEDNEY M. HOWE, III
ALVIN J. HAMMER
Law Offices of Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone:  843-722-8048
ghowe@gedneyhowe.com

*Attorneys for: Jennifer Pinckney, Personal Representative of the Estate of Clementa Pinckney; Jennifer Pinckney; Jennifer Pinckney, individually and as Parent, Natural Guardian and Next Friend of M.P., a minor*

GEDNEY M. HOWE, III
ALVIN J. HAMMER
Law Office of Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone:  843-722-8048
Fax:  843-722-2140
ghowe@gedneyhowe.com

ANDREW J. SAVAGE, III
Savage Law Firm
15 Prioleau Street
Charleston, SC  29401
Phone:  843-720-7470
Fax:  843-720-7478
Andy@savlaw.com

*Attorneys for: Tyrone Sanders, Personal Representative of the Estate of Tywanza Sanders; Felicia Sanders; Felicia Sanders, individually and as Legal Custodian of K.M., a minor; Polly Sheppard; Walter B. Jackson, Personal Representative of the Estate of Susie Jackson; Laura Moore, Personal Representative of the Estate of Ethel Lance; Bethane Middleton-Brown, Personal Representative of the Estate of DePayne Middleton-Doctor*

GEDNEY M. HOWE, III
ALVIN J. HAMMER
Law Offices of Gedney M. Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone: 843-722-8048
Fax:  843-722-2140
ghowe@gedneyhowe.com

ANDREW J. SAVAGE
Savage Law Firm
15 Prioleau Street
Charleston, SC  29401
Phone:  843-720-7470
Fax:  843-720-7478
Andy@savlaw.com

W. MULLINS McLEOD, JR.
McLeod Law Group, LLC
3 Morris Street, Ste. A
Charleston, SC  29403
Phone:  843-277-6655
Mullins@mcleod-lawgroup.com

J. STEPHEN SCHMUTZ
Schmutz & Schmutz Attorneys at Law
24 Broad Street
Charleston, SC  29401
Phone:  843-577-5530
Steve@schmutzlaw.com

*Attorneys for: Anthony Thompson and Kevin Singleton, as Co-Personal Representatives of the Estate of Myra Singleton Quarles Thompson*

W. MULLINS McLEOD, JR.
McLeod Law Group, LLC
3 Morris Street, Ste. A
Charleston,  SC  29403
Phone:  843-277-6655
Mullins@mcleod-lawgroup.com

J. STEPHEN SCHMUTZ
Schmutz & Schmutz Attorneys at Law
24 Broad Street
Charleston, SC  29401
Phone:  843-577-5530
Steve@schmutzlaw.com

DAVID F. AYLOR
David Aylor Law Offices
24 Broad Street
Charleston, SC  29401
Phone:  843-310-4900
David@davidaylor.com

*Attorneys for: Shalisa Coleman, as Personal Representative of the Estate of Sharonda Coleman-Singleton; Anthony Thompson; Arthur Stephen Hurd, as Personal Representative of the Estate of Cynthia Graham Hurd; Arthur Stephen Hurd*

January 24, 2020